## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| THOMAS A. SIMONIAN, | |
| Plaintiff, | |
| v. | Civil Action No. _____ |
| FISKARS BRANDS, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT FOR FALSE PATENT MARKING

Plaintiff THOMAS A. SIMONIAN ("Plaintiff"), by his attorneys, hereby complains against Defendant FISKARS BRANDS, INC. ("Defendant") as follows:

### I.
### NATURE OF THE CASE

1.      This is a *qui tam* action on behalf of the public for false patent marking under 35 U.S.C. §292.

2.      As set forth below, Defendant has violated 35 U.S.C. §292(a), by marking certain of its FISKARS® branded products with United States Patent Numbers 4,165,805 ("the '805 Patent) and 4,715,122 ("the '122 Patent") (collectively, "the Expired Patents"), even though both patents are expired, and have been expired since June 1, 1998 (the '805 Patent) and September 29, 2006 ("the '122 Patent").   On information and belief, Defendant marks certain of its FISKARS® branded products with the Expired Patents with the intent to deceive the public and to gain a competitive advantage in the market.

3.      Plaintiff seeks an award of monetary damages against Defendant pursuant to 35 U.S.C. §292(b) of up to $500 for each offense, with one-half going to the use of the United States and the other half going to the person bringing the action.

## II.
## THE PARTIES

4.      Plaintiff is a person residing in Geneva, Illinois.

5.      Defendant FISKARS BRANDS, INC. is a Corporation established under the laws of the State of Wisconsin with its principal place of business at 2537 Daniels Street, Madison, Wisconsin 53718.

6.      Upon information and belief, Defendant is a leading brand and manufacturer of hand tools, such as scissors.

7.      Defendant has been and currently makes and sells FISKARS®-branded scissors in a variety of sizes and shapes.

## III.
## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.      Venue properly lies in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(c), and 1395(a), because Defendant's falsely marked products were and are offered for sale and sold in this District.

10.     This Court has personal jurisdiction over Defendant because it has sold and continues to sell its falsely marked products, in Illinois and in this District and/or in the stream of commerce with knowledge that they would be sold in Illinois and in this District.   Upon information and belief, such sales by Defendant are substantial, continuous, and systematic.

## IV.
## THE EXPIRED PATENTS

11.     The '805 Patent, entitled "Blister Packages For Scissors, Pliers and Other Hand Tools," was filed on June 1, 1978, issued on August 28, 1979 and expired on June 1, 1998.  A true and correct copy of the '805 Patent is attached hereto as Exhibit A.

2

12.     The '122 Patent, entitled "Plastic Handle Scissors," was filed on September 29, 1986, issued on December 29, 1987 and expired on September 29, 2006.  A true and correct copy of the '122 Patent is attached hereto as Exhibit B.

## V.
## COUNT I

13.     Plaintiff incorporates paragraphs 1-12 as if fully set forth herein.

14.     Upon information and belief, Defendant has in the past manufactured and marketed, or caused to be manufactured and marketed, and presently manufactures and markets, or causes to be manufactured or marketed, products for sale to the general consuming public, including, for example, its FISKARS®-branded scissors.

15.     The '805 Patent expired on June 1, 1998.

16.     The '122 Patent expired on September 29, 2006.

17.     Upon information and belief, Defendant has in the past marked, or caused to be marked, and presently marks, or causes to be marked, for example, but not limited to, at least the following products and/or packaging thereof, with the Expired Patents: FISKARS®-branded scissors.

18.     FISKARS®-branded scissors are currently sold in a number of different sizes, shapes and packaging variations.  Exemplary packaging marked with the Expired Patents is shown below (next page):

3




Patents: U.S.: 4715122, 4165805; France: 8613290; U.K.: 2195572;
Finland: 72667; Germany: 3631760; Canada: 1084455

Fiskars Craft   2537 Daniels Street   Madison, WI 53718   866-348-5661
Made in China   © 2006   26918_22




 A FISKARS BRANDS COMPANY

**⚠ CAUTION** Sharp blade. Contact may result in injury.
Handle with care and keep out of reach of children.

Warning: This product contains chemicals known to
the state of California to cause cancer, birth defects
and/or reproductive harm.

Made in China   Patents: 4715122, 5297343, D354890
© 2006   27138_107

www.fiskars.com

0  78484 09757  1

19.    The instances of false marking shown in paragraph 18 above are representative and not exhaustive.

20.    When a patent expires, all prospective rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is not currently protected by such expired patent.

21.    Upon information and belief, Defendant is a sophisticated company and has experience applying for, obtaining, and litigating patents.

22.    Defendant by itself or by its representatives cannot genuinely believe that a patent does not expire and that prospective patent rights apply even after its expiration.

23.    Upon information and belief, Defendant knows, or should know (by itself or by its representatives), that the Expired Patents marked on the FISKARS® products have expired and/or do not cover the products to which the marking is affixed.

24.    Upon information and belief, Defendant knows, or should know (by itself or by its representatives), that the FISKARS® products are not covered by the Expired Patents marked on such products because an expired patent has no prospective patent rights.

25.    As a sophisticated company with, upon information and belief, experience applying for, obtaining, and litigating patents, Defendant knows, or reasonably should know, of the requirements of 35 U.S.C. §292.

26.    The false patent markings for the FISKARS® products are found on the product packaging. (see paragraph 18 above)

27.    Upon information and belief, Defendant intentionally included the Expired Patents in the patent markings of the FISKARS® products, in an attempt to prevent competitors from using the same or similar scissor handles and/or blister packaging.

28.     Upon information and belief, Defendant marks the FISKARS® products with the Expired Patents for the purpose of deceiving the public into believing that something contained in or embodied in the products is covered by or protected by the Expired Patents.

29.     Each false marking on the FISKARS® products is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

30.     Defendant has wrongfully and illegally advertised patent rights which it does not possess and, as a result, has benefitted commercially and financially by maintaining false statements of patent rights.

31.     Upon information and belief, Defendant knows, or reasonably should know, that marking the FISKARS® products with false patent statements was and is illegal under Title 35 United States Code. At a minimum, Defendant had and has no reasonable basis to believe that its use of the false markings was or is proper or otherwise permitted under federal law.

32.     Upon information and belief, Defendant's marking of its FISKARS® products with the Expired Patents, as described above and/or as will be further later evidenced, has wrongfully quelled competition with respect to such products to an immeasurable extent thereby causing harm to the United States in an amount which cannot be readily determined.

33.     Upon information and belief, for at least the reasons set forth herein, Defendant has wrongfully and illegally advertised patent rights which it does not possess, and, as a result, has likely benefitted in at least maintaining its considerable market share with respect to the herein described FISKARS® products in the market place.

34.     For at least the reasons provided herein, and/or for reasons which will be later evidenced, each expired patent which is marked on a product contributes to causing harm to the Plaintiff, the United States and the general public.

35.     Thus, each expired patent marked on a product, directly or on the packaging thereof, multiplied by the number of products and/or packaging materials on which it appears is a separate "offense" pursuant to 35 U.S.C. §292(a).

## VI.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

(a)     A decree that Defendant has falsely marked products in violation of 35 U.S.C. §292;

(b)     An award of monetary damages, pursuant to 35 U.S.C. § 292, in the form of a civil monetary fine of $500 per false marking "offense," or an alternative amount as determined by the Court, one half of which should be paid to the United States of America;

(c)     An accounting for any falsely marked products not presented at trial and an award by the Court of additional damages for any such falsely marked products; and

(d)     Such other and further relief, at law or in equity, to which Plaintiff is justly entitled.

## VII.
## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff hereby demands a jury

trial on all issues triable by jury.

Dated: February 23, 2010

Respectfully submitted,

_____

Joseph M. Vanek

*Attorneys for Plaintiff*

Joseph M. Vanek
IL State Bar No. 6197046
Thomas A. Vickers
IL State Bar No. 6226288
David P. Germaine
IL State Bar No. 6274984
Jeffrey R. Moran
IL State Bar No. 6283573
VANEK, VICKERS & MASINI, P.C.
111 S. Wacker Drive, Suite 4050
Chicago, Illinois 60606
(312) 224-1500 Telephone
(312) 224-1510 Facsimile
E-mail: jvanek@vaneklaw.com
E-mail: tvickers@vaneklaw.com
E-mail: dgermaine@vaneklaw.com
E-mail: jmoran@vaneklaw.com

Bruce S. Sperling
IL State Bar No. 2687925
Robert D. Cheifetz
IL State Bar No. 6210105
SPERLING & SLATER, P.C.
55 West Monroe Street
Suite 3200
Chicago, Illinois 60603
(312) 641-3200 Telephone
(312) 641-6492 Facsimile
E-mail: bss@sperling-law.com
E-mail: robc@sperling-law.com

Eugene M. Cummings
IL State Bar No. 556394
David M. Mundt
IL State Bar No. 6243545
David Lesht
IL State Bar No. 6180985
Martin Goering
IL State Bar No. 6286254
Konrad V. Sherinian
IL State Bar No. 6290749
Panasarn Aim Jirut
IL State Bar No. 6281877
Jessica Rissmann
IL State Bar No. 6300680
EUGENE M. CUMMINGS, P.C.
One North Wacker Drive, Suite 4130
Chicago, Illinois  60606
(312) 984-0144 Telephone
(312) 984-0146 Facsimile
E-mail: ecummings@emcpc.com
E-mail: dmundt@emcpc.com
E-mail: dlesht@emcpc.com
E-mail: mgoering@emcpc.com
E-mail: ksherinian@emcpc.com
E-mail: ajirut@emcpc.com
E-mail: jrissmann@emcpc.com
E-mail: mcadrot@emcpc.com
E-mail: crynne@emcpc.com