# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS A. SIMONIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:10-cv-01225 |
| | ) | |
| FISKARS BRANDS, INC., | ) | Honorable William J. Hibbler |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
## ITS MOTION TO DISMISS PURSUANT TO RULE 12(B)(1)

Defendant Fiskars Brands, Inc. ("Fiskars"), by and through its undersigned counsel, respectfully requests the Court grant its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because Plaintiff Thomas A. Simonian ("Simonian") does not, and cannot, allege any cognizable injury in fact that would support Article III standing.

## I.      FACTUAL BACKGROUND

On February 23, 2010, Simonian filed his complaint alleging that Fiskars violated the False Marking Statute, 35 U.S.C. § 292, which imposes civil penalties for purposefully deceitful acts of marking "unpatented" articles with the numbers of United States patents.  (*See* Compl.)  Simonian specifically alleged Fiskars violated 35 U.S.C. § 292 by marking the packaging of FISKARS®-branded scissors with expired patent numbers.  (*See id.*)  Simonian also alleged—solely "[u]pon information and belief" and without any supporting factual allegations—that Fiskars "marks the FISKARS® products with the Expired Patents for the

purpose of deceiving the public into believing that something contained in or embodied in the products is covered by or protected by the Expired Patents." (*Id.* ¶ 28.)

Nowhere in Simonian's complaint does Simonian allege an injury in fact. Simonian does not allege that he has suffered a personal injury in fact, that the public has suffered an injury in fact, or even that the economy of the United States has suffered an injury in fact. Nor does Simonian allege that any such injuries are imminent or even likely probable.

## II.    ARGUMENT

The Court should dismiss Simonian's complaint under Rule 12(b)(1) for lack of subject matter jurisdiction. Simonian bears the burden "to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." *Warth v. Seldin*, 422 U.S. 490, 518 (1975). All plaintiffs—*qui tam* relators included—must have Article III standing. *Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000). If a plaintiff lacks standing, the court lacks subject matter jurisdiction and must dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See, e.g.*, *Pollack v. U.S. Dep't of Justice*, 577 F.3d 736, 743 (7th Cir. 2009); *Michigan v. U.S. Envtl. Protection Agency*, 581 F.3d 524, 531 (7th Cir. 2009).

Article III standing has been called "the most basic doctrinal principle [ ]" because the Constitution restricts federal judicial power to hear only real cases and controversies. *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 128 S. Ct. 2531, 2535 (2008). Article III standing ensures that this case-or-controversy requirement is met. *Id.*

To satisfy Article III standing, Simonian must establish that three requirements are met: injury in fact, causation, and redressability. *Vermont Agency*, 529 U.S. at 771. "These requirements together constitute the 'irreducible constitutional minimum' of standing, which is an 'essential and unchanging part' of Article III's case-or-controversy requirement, and a key

2

factor in dividing the power of government between the courts and the two political branches." *Id.* (internal citations omitted).

The first requirement, injury in fact, must be "concrete and particularized" and cannot be "conjectural or hypothetical." *Id.*; *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990); *Pollack,* 577 F.3d at 739; *Michigan*, 581 F.3d at 528. Indeed, injury in fact is the "hard floor of Article III jurisdiction that cannot be removed by statute." *Summers v. Earth Island Inst.*, 129 S. Ct. 1142, 1151 (2009). If Simonian fails to present sufficient facts in the complaint to establish an injury in fact, the complaint must be dismissed. *Lujan,* 504 U.S. at 561 (1992); *Warth*, 422 U.S. at 518; *Michigan,* 581 F.3d at 531.

The fact that 35 U.S.C. § 292(b) is a *qui tam* statute does not relieve Simonian of his obligation to satisfy the irreducible constitutional minimum of Article III standing. *See Vermont Agency*, 529 U.S. at 771. *Qui tam* relators, who by definition suffer no "injury in fact" themselves, must nonetheless allege an assignable injury in fact to support *qui tam* Article III standing. *Id.* at 773-74. Absent an assignable injury in fact to the public or the United States in the first instance, there is no *qui tam* Article III standing.

1. **The Court Should Dismiss Simonian's Complaint Because Simonian Does Not Plead An Injury In Fact.**

Under 35 U.S.C. § 292, Simonian must plead an assignable injury in fact that has been suffered by the public or the United States. *Stauffer v. Brooks Bros., Inc.*, 615 F. Supp. 2d 248, 254 (S.D.N.Y. 2009). In *Stauffer*, the court dismissed a *qui tam* relator's complaint under 35 U.S.C. § 292, where the relator pled only vague and generalized allegations of harm, *viz.*, that defendants' conduct "ha[d] 'wrongfully quelled competition with respect to [the marked products] thereby causing harm to the economy of the United States[]'" and that defendants

3

"wrongfully and illegally advertis[ed] patent monopolies that they do not possess" and "ha[d]

'benefitted [sic] in at least maintaining their considerable market share . . . .'" *Id.* The court held

that these conclusory statements were "insufficient to establish anything more than the sort of

'conjectural or hypothetical' harm that the Supreme Court instructs is insufficient." *Id.* at 255

(quoting *Summers*, 129 S. Ct. at 1151-52; *Lujan*, 504 U.S. at 566). The district court concluded

"[t]hat some competitor might somehow be injured at some point, or that some component of the

United States economy might suffer some harm through defendants' conduct, is purely

speculative and plainly insufficient to support standing." *Id.*[1]

      Here, the deficiencies in Simonian's complaint are equivalent to those in the

complaint that the court dismissed in *Stauffer*. Simonian solely alleges an injury to the public

and the United States inasmuch as Fiskars' conduct has "wrongfully quelled competition" and

that Fiskars has "wrongfully and illegally advertised patent rights which it does not possess."

(Compl. ¶¶ 32-33.) Simonian's failure to allege anything more than these conclusory and

speculative statements of injury is fatal to Simonian's Article III standing. *Stauffer*, 615 F. Supp.

2d at 254-255.

    **2.**    **The Court Should Dismiss Simonian's Complaint Without Leave To Amend Because Simonian Cannot Plead An Injury In Fact.**

      Under circumstances where it is clear that a party cannot file an amended

complaint to cure subject matter jurisdiction deficiencies, a court may dismiss the complaint

---

[1] The decision in *Pequignot v. Solo Cup Co.*, 640 F. Supp. 2d 714 (E.D. Va. 2009), is not to the contrary. In *Solo Cup*, the defendant alleged that 35 U.S.C. § 292(b) lacks sufficient procedural safeguards, and on that ground, it violated ***Article II***. *See id.* at 720-28. By this motion, Fiskars is not raising an Article II challenge to the statute. Rather, Fiskars points out that Simonian, like any plaintiff in a civil case, *Lujan*, 5604 U.S. at 566, or any relator in any *qui tam* action, *Vermont Agency*, 529 U.S. at 771, must satisfy the injury in fact requirement of ***Article III***. Simonian has failed to do so here, and lacks Article III standing.

without leave to amend. *See Crestview Village Apartments v. U.S. Dep't of Housing and Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004) (affirming dismissal of action for lack of subject matter jurisdiction without leave to amend); *see also* Fed. R. Civ. P. 15(a)(2); *Williams v. U.S. Postal Serv.*, 873 F.2d 1069, 1072-73 (7th Cir. 1989) (affirming dismissal and denial of a motion to amend where the amendment would not cure the court's lack of subject matter jurisdiction). Dismissal without leave to amend is warranted here for at least two reasons. *First*, Simonian did not, and cannot, identify any concrete and particularized harm to himself, the public, or the United States economy that would support Article III standing. Simonian cannot plead a personal injury in fact. Simonian's pleadings do not hint that there has ever been (or ever will be) any quantifiable injury to the public or the United States economy caused by Simonian's alleged conduct. Nor did Simonian allege that any actual competitor of Fiskars (or any other entity or person for that matter) has suffered, or will suffer, any harm due to Fiskars' alleged conduct.

Indeed, Simonian cannot allege any such harm because to do so would defy reality. Simonian has accused Fiskars of falsely marking expired patents on product packaging for FISKARS®-branded scissors. These products are sold at retail in competitive markets. There is no possibility that Fiskars' competitors, consumers, or any member of the public could be deceived and, therefore, harmed by expired patent numbers marked on the products or packages because the salient information about patents, including when they expire, is readily available via a simple internet search. Simonian alleges no such deception or harm.

*Second*, Simonian cannot evade the basic injury-in-fact requirement of Article III by claiming he has standing to sue for alleged violations of the law wholly divorced from any concrete and particularized injury in fact. Legions of cases hold that to confer Article III

standing, a private party cannot rely on an abstract interest in seeing that the laws are not

violated. *Lance v. Coffman*, 549 U.S. 437, 442 (2007) ("The only injury plaintiffs allege is that

the law … has not been followed. This injury is precisely the kind of undifferentiated,

generalized grievance … that we have refused to countenance in the past."); *Lujan*, 504 U.S. at

573-74 ("[H]arm to … every citizen's interest in the proper application of the Constitution and

laws … does not state an Article III case or controversy.").

      In the same vein, Simonian cannot privately exercise the government's duty to

ensure the laws are faithfully obeyed. *See Stauffer*, 615 F. Supp. 2d at 254 n.5 ("[T]he Court

doubts that the Government's interest in seeing its laws enforced could alone be an assignable,

concrete injury in fact sufficient to establish a *qui tam* plaintiff's standing.") (citation omitted);

*see also* Miriam E. Gilles, *Representational Standing: U.S. ex rel. Stevens and the Future of

Public Law Litigation*, 89 Cal. L. Rev. 315, 344 (2001) ("[C]laims seeking to vindicate the

government's non-proprietary, sovereign interests are not assignable.").

      The Supreme Court explained this principle when it addressed a "citizen-suit"

provision of the Endangered Species Act, 16 U.S.C. § 1540(g) ("ESA"), which provided that

"any person may commence a civil suit on his own behalf … to enjoin any person … who is

alleged to be in violation of any provision of this chapter." *Lujan*, 504 U.S. at 571-72.  In

holding that the plaintiff lacked Article III standing, the Court found that Article III does not

permit conversion of

> the public interest in proper administration of the laws . . . into an
> individual right by a statute that denominates it as such, and that
> permits all citizens . . . to sue. If the concrete injury requirement
> has the separation-of-powers significance we have always said, the
> answer must be obvious: To permit Congress to convert the
> undifferentiated public interest in executive officers' compliance
> with the law into an 'individual right' vindicable in the courts is to
> permit Congress to transfer from the President to the courts the

6

> Chief Executive's most important constitutional duty, to 'take Care
> that the Laws be faithfully executed,' Art. II, § 3.

*Id.* at 576-77.  *See Allen v. Wright*, 468 U.S. 737, 761 (1984) ("The Constitution … assigns to the Executive Branch, and not to the Judicial Branch, the duty to 'take Care that the Laws be faithfully executed.' U.S. Const., art. II, § 3. We could not recognize respondents' standing in this case without running afoul of that structural principle."); *see also Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 471-76 (1982) (explaining that Article III's "case or controversy" requirement circumscribes Judicial Branch powers under separation of powers doctrine); *see generally* Tara Leigh Grove, *Standing as an Article II Nondelegation Doctrine*, 11 U. Pa. J. Const. L. 781 (2009) (explaining that Article III reinforces Article II nondelegation doctrine by prohibiting private prosecutorial discretion for violations of law, except for those private parties who can show a cognizable injury in fact).

Notwithstanding *Stauffer,* the Supreme Court authority and the commentary discussed above, Fiskars is aware of a footnote in the *Solo Cup* decision that seems to assume, without deciding, that a false marking claimant might have Article III standing based solely on an alleged violation of the law.  *Pequignot v. Solo Cup Co.*, 640 F. Supp. 2d 714, 724 n.15 (E.D. Va. 2009).  Fiskars submits that the *Solo Cup* footnote does not save Simonian from his lack of Article III standing for at least four reasons.

*First*, the *Solo Cup* footnote was dicta.  The main thrusts of the *Solo Cup* decision were (1) whether 35 U.S.C. § 292(b) was a *qui tam* statute and (2) the constitutionality of 35 U.S.C. § 292(b) under Article II, ***not*** the relator's lack of Article III standing.  *See id.* at 720-28. *Second*, neither the *Solo Cup* footnote nor the *Solo Cup* decision is binding on this Court.  *Third*, the *Solo Cup* footnote conflicts with the weight of applicable authority, as discussed above. *Fourth*, the *Solo Cup* footnote's reasoning was flawed because it erroneously said that

MADI_2260583.1

*Vermont Agency* did not distinguish sovereign injury from proprietary injury. *Id.* at 724 n.15. In fact, *Vermont Agency* did distinguish between the two by separately defining "the injury to its sovereignty arising from violation of its laws (which suffices to support a criminal lawsuit by the Government) and the proprietary injury resulting from the alleged fraud." 529 U.S. at 771. The Court held only that the proprietary injury could be assigned to a private party for Article III standing purposes. *See id.* at 773 (holding that False Claims Act "effect[ed] a partial assignment of the Government's damages claim") (emphasis supplied). The Court did not hold that a sovereign injury, *i.e.*, the source of the government's ability to enforce its criminal laws, could be assigned to a private party for Article III standing purposes.

In sum, Simonian does not, and cannot, allege that anyone has been injured by Fiskars' patent marking. And, even if Simonian were to allege in response to this motion that he has Article III standing because laws have been violated or because he can privately exercise the government's duty to see that the laws are faithfully obeyed—which he did not allege in the Complaint—such allegations fail as a matter of law in view of the ample Supreme Court jurisprudence discussed herein.

## III. CONCLUSION

The Court should dismiss Simonian's complaint without leave to amend because Simonian has not, and cannot, allege a cognizable injury in fact to support Article III standing.

WHEREFORE, Fiskars respectfully requests that the Court enter an order: (1) granting this Motion to Dismiss in its entirety; and (2) granting any such further relief as the Court deems appropriate and just.

Dated: April 30, 2010

Respectfully submitted,

By:  /s/ Justin E. Gray
Allen A. Arntsen (*pro hac vice*)
Justin E. Gray (*pro hac vice*)
FOLEY & LARDNER LLP
150 E. Gilman Street
P.O. Box 1497
Madison, WI 53701-1497
Telephone:  608.257.5035
Facsimile:  608.258.4258

Gregory S. Norrod (IL Bar No. 6199391)
FOLEY & LARDNER LLP
321 North Clark Street
Suite 2800
Chicago, IL 60654-5313
Telephone:  312.832.4500
Facsimile:  312.832.4700

Attorneys for Defendant
FISKARS BRANDS, INC.

9

## CERTIFICATE OF SERVICE

I, Justin E. Gray, an attorney, certify that I electronically filed the foregoing with the Clerk of Court of the CM/ECF system on April 30, 2010, which will send notification and service of such filing to all counsel of record.

_/s/ Justin E. Gray_____
Justin E. Gray