UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS A. SIMONIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:10-cv-01225 |
| | ) | |
| FISKARS BRANDS, INC., | ) | Honorable William J. Hibbler |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STAY**

Defendant Fiskars Brands, Inc. ("Fiskars"), by and through its undersigned attorneys, respectfully requests the Court grant its Motion to Stay the proceedings in this case until the Federal Circuit issues a ruling in *Stauffer v. Brooks Bros.*, Appeal Nos. 2009-1428, 2009-1430, 2009-1453, which appeals present the exact issue that has been put before this Court in Fiskars' motion to dismiss for lack of subject matter jurisdiction.

**I.      INTRODUCTION**

Plaintiff Thomas A. Simonian ("Simonian") alleges that Fiskars violated the False Marking Statute, 35 U.S.C. § 292, which imposes civil penalties for purposefully deceitful acts of marking "unpatented" articles with the numbers of United States patents. Simonian specifically alleges Fiskars violated 35 U.S.C. § 292 by marking the packaging of FISKARS®-branded scissors with expired patent numbers. Simonian claims that Fiskars' products were falsely marked and further alleges, without any supporting facts, that Fiskars purposefully marked these products to deceive the public.

Filed concurrently herewith is Fiskars' Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, asserting Simonian lacked Article III standing to bring this action. If the Court finds that Simonian lacked standing to file its complaint in this action, the Court must dismiss this case in its entirety.

The circumstances in which a private party has standing under Article III of the United States Constitution to bring an action for false patent marking under 35 U.S.C. § 292(b) is an issue of first impression currently pending before the United States Court of Appeals for the Federal Circuit in *Stauffer*. When that decision is rendered, the Federal Circuit's reasoning and analysis will likely bear directly on this Court's consideration of the pending motion to dismiss for lack of subject matter jurisdiction. Accordingly, should the Court wish to await the decision of the Federal Circuit rather than rule on Fiskars' motion immediately, Fiskars requests that the Court stay this action until the Federal Circuit issues its decision in *Stauffer*. The Federal Circuit is likely to issue a decision in *Stauffer* before the end of 2010; therefore, a stay granted in this case will likely be for a finite and determinate length.

Simonian will not be prejudiced by a short stay pending issuance of the *Stauffer* decision. Simonian seeks only monetary penalties for his allegations of false marking. (*See* Compl.) Simonian has not alleged any cognizable injury to himself or anyone else as a result of Fiskars' acts that would make Simonian's claims justiciable under Article III.[1] Simonian will not suffer any harm, let alone irreparable harm, if the Court stays the case for a short period of time; rather, if the Court ultimately denies the motion to dismiss, Simonian can continue to pursue the monetary penalties to which he believes he is entitled.

---

[1] Indeed, this lack of injury-in-fact forms the basis for the motion to dismiss for lack of subject matter jurisdiction.

The Court should grant Fiskars' motion to stay.

## II. FACTUAL BACKGROUND

### A. The Instant Case

On February 23, 2010, Simonian filed this suit alleging that Fiskars violated the False Marking Statute, 35 U.S.C. § 292. (*See* Compl.) Concurrently herewith, Fiskars is filing a motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because Simonian lacks Article III standing to bring this action and a second motion to dismiss under Fed. R. Civ. P. 12(b)(6) and 9(b).

### B. The *Stauffer* Case

In *Stauffer,* the district court dismissed a *qui tam* relator's complaint under 35 U.S.C. § 292, where the relator pled only vague and generalized allegations of harm. *Stauffer* v. *Brooks Bros., Inc.*, 615 F. Supp. 2d 248, 256 (S.D.N.Y. 2009). The court held that the conclusory statements of harm set forth were "insufficient to establish anything more than the sort of 'conjectural or hypothetical' harm that the Supreme Court instructs is insufficient." *Id*. at 255.[2]

Both Stauffer and the U.S. Government (which unsuccessfully tried to intervene in the case) have appealed the district court's decision. Those appeals and related cross-appeals have been consolidated. (*See* Appeal Nos. 2009-1428, 2009-1430, 2009-1453.) Briefing in

---

[2] The deficiencies in Simonian's complaint are equivalent to those in the complaint that the court dismissed in *Stauffer*. *See* Fiskars' Rule 12(b)(1) Motion to Dismiss at 4. Simonian fails to allege *any* cognizable injury-in-fact, to anyone, that would support its Article III standing under 35 U.S.C. § 292(b).

these appeals is nearly complete, and it is likely that the Court will issue a decision before the end of 2010.[3]

### III. ARGUMENT

The Court should stay all proceedings in the instant case pending a ruling by the Federal Circuit in the *Stauffer* case. A court may stay proceedings as part of its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). In considering whether a stay is appropriate, courts should consider "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay will simplify the issues in question and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court." *Se-Kure Controls, Inc. v. Sennco Solutions, Inc.,* 675 F. Supp. 2d 877, 879 (N.D. Ill. 2009) *(sua sponte* staying case pending a decision by the Federal Circuit on a patent invalidity determination); *see also Pub. Patent Found., Inc. v. Glaxosmithkline Consumer Healthcare, L.P.,* No. 09 Civ. 5881, Slip Op. (S.D.N.Y. Feb. 17, 2010) *(sua sponte* staying false marking case with pending motions to dismiss for lack of Article III standing "[i]n light of the appeal currently pending in the Court of Appeals for the Federal Circuit of an order issued in Stauffer v. Brooks Bros. Inc. … which raises [sic] same legal question that is currently pending here"); *Heathcote Holdings Corp. v. Crayola LLC*, No. 10-cv-00342, Slip Op. (N.D. Ill. Apr. 8, 2010) (granting defendant's motion to stay false marking litigation pending resolution of

---

[3] The Senate recently released a revised version of S. 515, which is its version of the Patent Reform Act of 2010. This bill contains a provision modifying Section 292 in a way that would eliminate Simonian's standing. As currently written, this provision would apply to all pending cases. A narrowly focused bipartisan bill, H.R. 4954, has recently been introduced in the House that would also eliminate Simonian's standing. While not yet final, this legislative movement further underscores the uncertainty in the current law and supports the relief requested.

4

*Stauffer*); *San Francisco Tech., Inc. v. Adobe Sys. Inc.*, No. 10-cv-01654, Slip Op. (N.D. Cal. Apr. 13, 2010) (same); *Zojo Solutions, Inc. v. Leviton Mfg.*, No. 10-cv-00881, Slip Op. (N.D. Ill. Apr. 21, 2010) (same).

### A. Simonian Will Not Be Prejudiced By A Short Stay Of This Case

In his complaint, Simonian does not allege any cognizable injury to himself or any other entity resulting from Fiskars' accused conduct. Simonian seeks only monetary penalties for the alleged false patent marking, half of which he must share with the United States. 35 U.S.C. § 292(b). Simonian cannot point to any prejudice he would suffer if the Court stays this case for a short period of time, except, perhaps, a delay in when he might receive his half of any penalties ultimately awarded. Even if a short delay could be considered a hardship or prejudicial to Simonian (and it cannot), any such prejudice is far outweighed by the interests of justice and judicial economy promoted by staying the case. *See Catch Curve, Inc. v. Graphnet, Inc.,* Civil Action No. 1:06-CV-2386-CC, Slip. Op., (N.D. Ga. Feb. 18, 2009) (granting stay of case pending Federal Circuit ruling in another case, noting that briefing in the appeal was imminent so that stay would be short, and that any prejudice caused by the short delay was outweighed by the benefits of receiving the Federal Circuit's opinion); *Genentech, Inc. v. Sanofi-Aventis Deutschland GmbH,* No. C 08-4909 SI, 2009 WL 1313193, at *2 (N.D. Cal. May 12, 2009) (staying case pending outcome of Federal Circuit decision on petition for writ of mandamus in separate case).

The stay Fiskars requests does not require the Court to modify the case schedule or continue a trial date, factors that might militate against a stay under some circumstances. Here, this case is in its infancy. The Court has not provided a schedule for the case, let alone a trial date. There is no prejudice to Simonian if Fiskars' motion to stay is granted.

### B. Staying The Case Until The Federal Circuit Rules Simplifies The Issues In Question And Reduces The Burden The Court And The Parties

The issue presented by the pending motions to dismiss—whether a private party has Article III standing to bring an action for false marking under 35 U.S.C. § 292 where it cannot show an injury-in-fact to itself, the public, or the United States economy—is squarely before the Federal Circuit in *Stauffer*. The Federal Circuit's ruling in *Stauffer* will likely bear directly on this Court's consideration of the motions to dismiss. Having the benefit of the Federal Circuit's analysis of the standing issue should simplify the questions of law raised by the motion.

Staying this case for a short period of time until the Federal Circuit provides guidance on the standing issue to the Court and to the parties will prevent the considerable waste of the Court's and the parties' resources caused by briefing, arguing, and deciding the motion to dismiss (without the benefit of the Federal Circuit's guidance), as well as conducting discovery, resolving discovery disputes, and the like.

This is not a situation where Fiskars seeks an infinite or indefinite stay. A decision in *Stauffer* is likely to be issued before the end of 2010; a stay will be for a finite and determinate length, likely measured in months. The prudent and proper course of action is for this Court to stay the case in its entirety until the *Stauffer* decision issues.

### IV. CONCLUSION

For all the reasons stated above, the Court should stay this case until the Federal Circuit issues a decision in *Stauffer v. Brooks Bros.*

WHEREFORE, Fiskars respectfully requests that the Court enter an order: (1) granting this Motion to Stay in its entirety; and (2) granting any such further relief as the Court deems appropriate and just.

Dated: April 30, 2010

Respectfully submitted,

By: \_/s/ Justin E. Gray_____
Allen A. Arntsen (*pro hac vice*)
Justin E. Gray (*pro hac vice*)
FOLEY & LARDNER LLP
150 E. Gilman Street
P.O. Box 1497
Madison, WI 53701-1497
Telephone: 608.257.5035
Facsimile: 608.258.4258

Gregory S. Norrod (IL Bar No. 6199391)
FOLEY & LARDNER LLP
321 North Clark Street
Suite 2800
Chicago, IL 60654-5313
Telephone: 312.832.4500
Facsimile: 312.832.4700

Attorneys for Defendant
FISKARS BRANDS, INC.

7

**CERTIFICATE OF SERVICE**

I, Justin E. Gray, an attorney, certify that I electronically filed the foregoing with the Clerk of Court of the CM/ECF system on April 30, 2010, which will send notification and service of such filing to all counsel of record.

    _/s/ Justin E. Gray_____
    Justin E. Gray